IN THE UNITED STATES
THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAY E. SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No._____ |
| | ) | |
| vs. | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| ILLINOIS STATE POLICE, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES Plaintiff Ray E. Sutton ("Sutton") by and through his attorney, Shari R. Rhode of the Rhode Law Firm, and for his Complaint against Defendant Illinois State Police ("ISP"), states as follows:

**JURISDICTION AND VENUE**

1. This is a Complaint for injunctive relief and damages charging ISP with violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"). This Court has jurisdiction based on 28 U.S.C. § 1331 (federal question) and pursuant to 745 ILCS 5/1.5(a). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of Plaintiff's rights under the ADEA.

2. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) because Sutton worked in this District and several actions complained of in this Complaint occurred in the Southern District of Illinois.

3. On or about March 16, 2021, Sutton filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"); a copy of which is attached hereto as Exhibit A.

4.      On or about April 13, 2022, Sutton received a Right to Sue from the EEOC; a copy of which is attached hereto as Exhibit B.

5.      This Complaint is filed within ninety (90) days of the receipt of said Right to Sue.

## PARTIES

6.      Plaintiff Sutton resides in Williamson County and has been employed by the ISP since at least 2004.

7.      Defendant ISP is a political subdivision of the State of Illinois, with offices throughout the State of Illinois.

8.      The ISP is an employer within the meaning of the ADEA.

## STATEMENT OF FACTS

9.      Sutton was born in 1965 and all times herein was over the age of 40.

10.     Since being employed by ISP, Sutton has held many positions with ISP, including:

   a.   State Trooper

   b.   DUI Team Leader;

   c.   Range Officer;

   d.   Illinois Wireless Information Network ("IWIN") Coordinator;

   e.   Crime Scene Investigator;

   f.   Forensic Artist;

   g.   Field Training Officer;

   h.   Regional Computer Specialist;

   i.   Regional Supply Officer;

   j.   Traffic Crash Reconstruction Specialist.

11.     In February 2012, Sutton became a Crime Scene Investigator.

12. From February 2012 to January 2018, Sutton was assigned to Crime Scene Services Command.

13. While assigned with Crime Scene Services, Sutton was selected as the Region 4 Forensic Artist, a Field Training Officer, Regional Computer Specialist and Regional Supply Officer.

14. Sutton received consistently high performance evaluations while employed with ISP.

15. Sutton received numerous awards and commendations for his performance in his position with the ISP.

16. In 2016, Sutton was nominated for Trooper of the Year by the Division of Forensic Services.

17. In 2016, Sutton was named Chief Pilot of the ISP Unmanned Aircraft Systems Program.

18. During his six (6) years of services to Crime Scene Services Command, Sutton received hundreds of hours of training in the Disciplines of Crime Scene Investigations.

19. Sutton holds many certifications, including the following:

    a. Certified Crime Scene Investigator;

    b. Certified Medicolegal Death Investigator;

    c. Certified Forensic Artist;

    d. FBI Post Blast Investigator;

    e. Crime Scene Reconstruction and Shooting Scene Reconstruction;

    f. Certified Traffic Crash Reconstruction Specialist;

    g. Buried Bodies and Surface Skeleton Recovery Techniques;

    h. Crime Scene Investigator by the International Association for Identification.

20. In 2017, Sutton received the ISP Achievement Medal for dedication to the Unmanned Aircraft Systems Program in Crime Scene Services Command.

21. Sutton has been recognized in multiple courts as an expert, giving testimony on subjects such as evidence collection and preservation, as well as crime scene investigation.

22. On or about December 11, 2020, ISP's Division of Forensic Services posted an opening for a Crime Scene Investigator position for Region 5 in the Belleville Lab office ("Position").

23. On December 18, 2020, Sutton submitted his application for the Position.

24. On January 5, 2021, Sutton interviewed for the Position with three (3) interviewers from the Division of Forensic Services.

25. All three (3) interviewers were subordinates of Captain Hooks and Lieutenant Hartman and worked in the Division of Forensic Services.

26. ISP policy prohibits all three (3) interviewers being from the Division of Forensic Services.

27. Lieutenant Hartman called Sutton's current supervisor Master Sergeant Robert Ventura ("Ventura") for a reference and was told by Ventura that Sutton was a hard worker with a high case load and a high case closure rate.

28. On January 8, 2021, when Sutton was told he was not selected for the Position, he was 55 years old.

29. The person selected was 30 years old with less than five (5) years as a Road Trooper.

30. Sutton was not given any reason(s) he was not selected for the Position.

31. Sutton asked Master Sergeant Zacheis, one of the interviewers, if the individual selected had all the certifications, credentials and training he (Sutton) had and Master Sergeant Zacheis responded by saying "I'm not saying that."

32. Sutton was substantially more qualified for the Position than the much younger individual selected for the Position.

33. Sutton is mandated to retire on July 18, 2025.

34. Sutton was rejected because of his age.

35. ISP has discriminated against Sutton because of Sutton's age in violation of 29 U.S.C. 623(b).

36. Defendant ISP's conduct as described herein was willful.

## DAMAGES

37. At the time Sutton was not selected for the Position, compensation for the Position was at a Level 4 pay. Sutton is currently compensated at the lesser Level 3 pay.

38. The Position paid in excess of $10,000 per year more than Sutton was making at the time the Position was filled.

39. Sutton's loss was not only the base pay difference, but loss of income from overtime pay.

40. On information and belief, Region 5 Crime Scene Investigators average around 300 hours of overtime per year.

41. Because of Defendant's refusal to hire Sutton for the Position, Sutton has lost past due wages, future wages, and will suffer a loss of retirement benefits after retirement.

42. As a direct and proximate result of Defendant's conduct, Sutton was and continues to be damaged in that he has lost income and other benefits of employment.

43. The ADEA's enforcement system incorporates provision of the Fair Labor Standards Act ("FLSA") 29 U.S.C. 626 (c)(1).

44. Plaintiff requests liquidated damages in an amount equal to the amount of loss employment benefits, including but not limited to past and future wages and retirement contributions.

45. The ADEA entitles Plaintiff to the damages described above, his reasonable attorney's fees and costs of this action. 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, Sutton asks for judgment in his favor and against ISP for an amount to be established at trial for backpay; front pay; liquidated damages; attorney's fees and costs; and such further relief as the Court deems appropriate.

> Respectfully submitted
> Ray E. Sutton, Plaintiff
>
> By:  /s/ Shari R. Rhode
>
> Shari R. Rhode, Attorney for Plaintiff
> Bar No. 2324598
> Rhode Law Firm
> 1405 West Main Street
> Carbondale, IL 62901
> Phone: 618.549.4287
> Fax: 618.549.4343
> Email: shari@rhodelawfirm.com