**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RAY E. SUTTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-CV-1380-SMY |
| | ) |
| ILLINOIS STATE POLICE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ray E. Sutton filed this action against his former employer, Defendant Illinois State Police ("ISP"), claiming age discrimination in violation of 29 U.S.C. § 623(b), the Age Discrimination in Employment Act, for failing to promote him to a crime scene investigator position (Doc. 1). Now pending before the Court are ISP's Motion for Summary Judgment (Doc. 26), which Plaintiff opposes (Doc. 33); and Plaintiff's Motion for Partial Summary Judgment with respect to the monetary damages (Doc. 27), which ISP opposes (Doc. 32). ISP has filed a Reply to Plaintiff's Opposition (Doc. 34). For the following reasons, the motions are **DENIED**.

### Factual Background

The following material facts are undisputed unless otherwise noted: Plaintiff Ray Sutton, born in 1965, held various roles at ISP as a sworn officer between 2004 to 2023. (Doc. 32 at p. 2). From 2012 to 2018, Sutton served in the Crime Scene Service Command in Region IV[1] as a forensic artist, field training officer, regional computer specialist, and regional supply officer. During this period, he accumulated hundreds of hours of training in the Disciplines of Crime Scene

---

[1] Crime Scene Services Command in Illinois State Police is divided into five regions.

Investigations. (Doc. 32 at pp. 2-3, ¶¶ 7-11). In July 2017, Sutton requested a voluntary transfer to Patrol Troop 10, resulting in a pay reduction. This transfer became effective in January 2018. (Docs. 26-10, 11, 12, 13, 14). In mid-2018, Sutton requested and received a promotion in the Traffic Crash Reconstruction Unit. (Doc. 33 at p. 8, ¶ 15). As part of the performance review process, Sutton received evaluation reports from his supervisors, including assessments of his skill-based job performance and broader evaluations concerning his overall conduct and interactions in the work environment. (Docs. 26-5, 6, 7, 8, 9; Doc. 33-6).

In late 2020, ISP announced a vacancy for a trooper/special agent-crime scene investigator position in Region IV. Approximately three months later, ISP announced another vacancy for a trooper/special agent-crime scene investigator position in Region V. (Doc. 33, at pp. 8–9, ¶ 17–18; Doc. 26-16). Sutton applied for the position in Region V, seeking a promotion. (Doc. 33 at pp. 8–9, ¶¶ 17, 20; Doc. 26-15, at ¶ 10).

As part of the hiring process, a panel of three Master Sergeants ("MSG")[2] interviewed four applicants and selected Sutton and Skylar Marlow as highly recommended (Doc. 33 at pp. 11–14, ¶¶ 28, 33). The hiring process also included a selection phase in which then-Lieutenant Todd Hartman reviewed the interview results and examined work-related records involving reference checks and past supervisor comments. (*Id.*, at pp. 11–14, ¶ 27–32; Doc. 26-19). Thereafter, Lt. Hartman submitted his memorandum recommending Marlow to then-Captain Rebecca Hooks. (*Id.* at p. 14, ¶ 33; Doc. 26-18).

After considering Hartman's recommendation, consulting with Sutton's previous supervisors, and reflecting on her own experiences of working with Sutton in 2017, Hooks recommended Marlow, who was under forty, had less than five years of experience as a police

---

[2] The Panel consisted of MSGs Gerald Zacheis, Abby Henn, and Josh Easton. (Doc. 33 at p. 13, ¶ 30).

officer, and had no experience in the Crime Scene Service Command. (Doc. 33, at pp. 16–19, ¶ 36–39; Doc. 26-15). ISP subsequently hired Marlow, who met the minimum requirements for the position. (Doc. 33 at p. 19, ¶ 44).

## **Discussion**

As an initial matter, in support of his opposition to ISP's motion for summary judgment, Sutton declares in an affidavit that Josh Easton and Jerry Zachias, members of the interview panel, made ageist remarks toward him at an unspecified time. (Doc. 33-1 at p. 1, ¶¶ 5–7). Notably, Sutton did not include this significant detail in his EEOC charge, Complaint, or Motion for partial Summary Judgment. Additionally, ISP served an interrogatory requesting Sutton to identify any individuals at ISP that he "contend[s] caused, contributed to, or participated in discriminatory acts against him," to which Sutton responded, "[r]elevant facts are contained in Plaintiff's Complaint and the EEOC charge and related document . . . ." (Doc. 34-3 at pp. 3–4, ¶¶ 4–5). Because there is no reference to the alleged ageist remarks by Easton and Zachias in Sutton's pre-summary judgment filings, the Court will not consider them in ruling on the pending motions. *See James v. Hale*, 959 F.3d 307, 315 (7th Cir. 2020) ("[A]t the summary-judgment stage, every federal court of appeals permits a judge to disregard a 'sham' affidavit" including "the statement was not made in the course of litigation."); *see also Jones v. Maxx of Il, LLC*, No. 3:20-CV-5-NJR, 2021 WL 1966115, at *5 (S.D. Ill. May 17, 2021) (prejudice cannot be cured after a party has "fully briefed its summary judgment motion").

Summary judgment is proper only if the moving party can demonstrate that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). The moving party is entitled to summary judgment if the non-moving party "has failed to make a sufficient showing on an essential element of [his] case with respect to which [he]

has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the evidence is merely colorable or not sufficiently probative, summary judgment may be granted.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).  Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party.  *Lawrence v. Kenosha Cnty.*, 391 F.3d 837, 841 (7th Cir. 2004).

The ADEA makes it "unlawful for an employer . . . to discriminate against any individual" who is 40 years of age or older "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  *See* 29 U.S.C. § 623(a)(1).  To survive summary judgment on an age discrimination claim under the ADEA, a plaintiff must point to evidence "that his age was the 'but-for' cause of the challenged job action."  *Wrolstad v. Cuna Mut. Ins. Soc.*, 911 F.3d 450, 454 (7th Cir. 2018).[3]

A Plaintiff may make a case of age discrimination under the burden-shifting method of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 719 (7th Cir. 2018).  Under *McDonnell Douglas,* A plaintiff must first produce evidence of a prima facie case for failure to promote; if he does so, the burden shifts to the employer to proffer a nondiscriminatory reason for its employment decision.  *McDaniel v. Progress Rail Locomotive, Inc.,* 940 F.3d 360, 368 (7th Cir. 2019).  If the employer produces evidence of a nondiscriminatory reason for the failure to promote, the burden then shifts back to the employee to produce evidence that the proffered reason for the employment decision is pretext for age discrimination.  *Id.*  To establish pretext, the plaintiff must identify

---

[3] While ISP asserts that Plaintiff may employ either a direct or indirect evidentiary approach to prove his claim, the Seventh Circuit has rejected this two-fisted evidentiary approach; the appropriate standard "is simply whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's . . . proscribed factor caused the . . . adverse employment action."  *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765; *Cameron v. Illinois*, No. 12-cv-678-SMY-RJD, 2016 WL 6835090, at *3 (S.D. Ill. Nov. 21, 2016).

"weaknesses, implausibilities, inconsistencies, or contradictions" in the defendant's proffered reasons that a reasonable person would find unworthy of credence. *de Lima Silva v. Dep't of Corrs.*, 917 F.3d 546, 561 (7th Cir. 2019). Bad judgment or faulty reasoning does not suffice. *Barnes v. Bd. of Trs. of Univ. of Ill.*, 946 F.3d 384, 389 (7th Cir. 2020).

A prima facie case of discrimination in the failure-to-promote/hire context requires the plaintiff to present evidence showing that: (1) he was a member of a protected class; (2) he applied for and was qualified for the open position; (3) he was rejected; and (4) the employer promoted someone outside of the protected class who was not better qualified for the position. *Marnocha v. St. Vincent Hosp. & Health Care Center, Inc.*, 986 F.3d 711, 721 (7th Cir. 2021). Here, Sutton has produced sufficient evidence of a prima facie case for age discrimination.

Sutton was over 40 years old when he applied for the open position, for which he was qualified based on his professional credentials and experience but rejected. The position was given to Marlow, who is less than 40 years old and not better qualified based on credentials or experience than Sutton. ISP asserts Sutton was not qualified for the position due to several reasons, including personnel issues, his residency, and his interview performance. However, whether these reasons sufficiently disqualify him from the position remain a material issue of fact to be resolved by a jury.

*Personnel Issues*

During Sutton's time in Crime Scene Services Command, ISP documented concerns regarding Sutton's negative attitude and problematic communication style. The reports, ranging from 2014 to 2018, state the following:

- CSI Sutton needs to be cognizant of decisions made by upper command in reference to [the flying program]. Have a positive attitude and know there are reasons that may not be told to him about why he is not allowed to fly the aircraft. 2014 report from MSG Donald Schutzbach. (Doc. 33 at pp. 4-5, ¶ 7).

- CSI Sutton's attitude can deteriorate when around coworkers . . . His outspoken style of communications [is] sometimes viewed as confrontational and elicits negative responses . . . Humors can be misunderstood and poorly received when relayed through email . . . Being direct and straightforward can be a preferred method of communication, but remarks should remain constructive and foster a cohesive work unit. 2015 report from MSG Abby Keller. (Doc. 33 at p. 5, ¶ 8).
- [Sutton's] outspoken and direct style of communication can be constructive; however, coworkers sometimes view it as confrontational . . . CSI Sutton can demonstrate an awareness of his communication style and use it to address problems in ways that encourage positive change. 2016 report from MSG Abby Keller. (Doc. 33 at p. 5, ¶ 9).
- CSI Sutton responded negatively to several decisions made by CSSC command . . . CSI Sutton should be mindful of his communications when receiving information and direction from supervisors that conflict with his own opinions . . . Professional communications should be constructive and remain considerate of accomplishing work unit objectives. 2018 report from MSG Abby Keller. (Doc. 33 at pp. 7-8, ¶14).

These reports demonstrate negative issues regarding Sutton in a professional context and can be a nondiscriminatory justification. But there is also evidence of Sutton's skill-based performance, as reflected in his generally high-performance ratings and a 2020 report that positively reviewed Sutton's communication style and coordination activities. (Doc. 33-6). Additionally, despite the negative reports, ISP promoted Sutton in 2018, which could suggest that his performance issues may not have been perceived as severe and thus cast doubt on ISP's claim that it honestly believed its reason for denying Sutton's promotion. Viewing the evidence together, whether Sutton's inter-personnel issues justify ISP's decision is a question of fact for the jury' determination.

*Residency*

The Vacancy included a residency requirement: "Applicants must reside *or be willing* to relocate within the geographic boundaries of the assigned CSSC Region and within reasonable driving distance of the primary office location . . . ." (Doc. 26-16) (emphasis added). ISP argues

Sutton did not meet the residency requirement because he did not reside within Region V or indicate a willingness to relocate.

Sutton argues that ISP's justification is pretextual; that the announcement only mandated a willingness to relocate within Region V, a condition to which Sutton claims he agreed. As such, a genuine factual dispute exists regarding ISP's perception of Sutton's willingness to meet the residency requirement. *Williams v. City of Chicago*, 733 F.3d 749, 752 (7th Cir. 2013).

*Interview*

ISP also claims Marlow better prepared his interview answers and responded with a more fluid cadence than Sutton did. Sutton argues this is a pretext because he possessed significantly more professional experience than Marlow. Where an employer's proffered nondiscriminatory reason for its employment decision is that it selected the most qualified candidate, evidence of the plaintiff's competing qualifications does not establish evidence of pretext "unless those differences are so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue." *Millbrook v. IBP, Inc.,* 280 F.3d 1169, 1180 (7th Cir. 2002), citing *Deines v. Texas Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 279 (5th Cir. 1999).

Given Sutton's substantial experience, particularly in his extensive tenure as a police officer and his direct involvement in the CSSC relative to Marlow's less- than- five years experience as a trooper, this Court cannot conclude as a matter of law that ISP's reliance on interview performance alone rebuts Sutton's claim of pretext.

**Sutton's Partial Summary Judgment Motion**

Plaintiff seeks summary judgment on the issue of damages alone. He asserts that "had he received the position at issue . . . he would have received at least '$10,000 per year more' . . . as

well as additional income from overtime pay." (Doc. 27, p. 2). The factual support set out in Sutton's motion establishes only a prima facie case, and is insufficient to establish entitlement to summary judgment on his age discrimination claim or the damages claimed.

## Conclusion

For the foregoing reasons, ISP's Motion for Summary Judgment and Sutton's Motion for Partial Summary Judgment are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 28, 2025**

**STACI M. YANDLE**
**United States District Judge**